IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                                                                    CR No. 17-2490 KG
                                                                                                     Civ No. 21-452 KG-CG

GABRIELA RUIZ-LUJAN,

    Defendant.

## ORDER OF DISMISSAL

This matter is before the Court following Defendant Gabriela Ruiz-Lujan's failure to prosecute federal habeas claims. Defendant is a federal prisoner proceeding *pro se*. She initiated this action on May 6, 2021 by filing a Motion for Hardship Credit for Hard Time Served (Motion for Credit). (Civ Doc. 3). She also filed supplemental letters raising unspecified habeas claims under 28 U.S.C. § 2255 and challenging her conditions of confinement. (Civ Docs. 1, 2). By a Memorandum Opinion and Order entered May 26, 2021, the Court denied Defendant's Motion for Credit. (Civ Doc. 5) at 2-3. There is no authority allowing courts to award two days of sentence credit for every one day of "hard time" Defendant serves in federal prison. *Id.* (collecting cases). The Court also directed Defendant to file a 42 U.S.C. § 1983 complaint in the district of confinement, if she wishes to challenge her conditions of confinement. *Id.* at 3.

As to Section 2255, Defendant's letters do not raise any specific grounds for relief. The Court fixed a deadline of June 25, 2021 for Defendant to file an amended Section 2255 motion. (Doc. 5) at 3. The Clerk's Office also mailed her a form Section 2255 motion with instructions.

Defendant was warned that the failure to timely comply would result in dismissal of the pending habeas case. Defendant did not file an amended Section 2255 motion or otherwise respond to the Memorandum Opinion and Order. Hence, the Court will dismiss this case without prejudice pursuant to Fed. R. Civ. P. 41(b). *See Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) ("Rule 41(b) ... permit[s] courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the ... court's orders."). Because the Court did not address the merits of any habeas claims, this case will not count as Defendant's "first" Section 2255 proceeding. *See* 28 U.S.C. § 2255(h) (imposing limitations on second/successive habeas claims).

IT IS ORDERED:

1. Defendant's letter citing Section 2255 (Civ Doc. 1) is dismissed without prejudice.
2. The Court will enter a separate judgment closing the civil habeas case.

_____
UNITED STATES DISTRICT JUDGE